SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Magistrate No. 10-mj-159-JHR |
| v. | ) | |
| | ) | 18 U.S.C. § 669 |
| SANDRA WALLACE | ) | |

## CRIMINAL COMPLAINT

I, Brian Pellerin, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

**COUNTS ONE THROUGH THREE**
**(Embezzlement From a Health Care Benefit Program)**

On about the dates set forth below, in the District of Maine, defendant

**SANDRA WALLACE**

knowingly and willfully embezzled, stole and converted without authority funds from a health care benefit program, as that term is defined in Title 18, United States Code, Section 24(b).

| Count | Date | Amount |
|---|---|---|
| One | October 22, 2008 | $2600.00 |
| Two | October 30, 2008 | $400.00 |
| Three | November 20, 2008 | $650.00 |

In violation of Title 18, United States Code, Section 669.

This Complaint is based on those facts which are set forth in my affidavit of September 23, 2010, which is attached hereto and incorporated herein by reference.

Brian Pellerin
Special Agent
U.S. Department of Health and Human Services

Sworn to before me, and subscribed in my presence this 23rd day of September, 2010.

John H. Rich III
United States Magistrate Judge

# AFFIDAVIT OF BRIAN PELLERIN

## I. Introduction

I, Brian R. Pellerin, a Special Agent of the United States Department of Health and Human Services, Office of the Inspector General, Office of Investigations, swear that the facts set forth below are true. I make this Affidavit in support of the issuance of a criminal complaint charging Sandra Wallace with three counts of embezzlement from a health care benefit program, in violation of Title 18, United States Code, Section 669. Because this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists that Sandra Wallace committed the above-mentioned offenses and this information is by no means exhaustive. In addition, where I assert that a statement or observation was made, I did not personally hear the statement or make the observation unless specifically so stated. Instead, the information was provided by a witness or another law enforcement officer, either verbally or in writing, who had direct or indirect knowledge of the statement or observation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

I am a Special Agent with the United States Department of Health and Human Services, Office of the Inspector General, Office of Investigations ("HHS/OIG") and I am currently assigned to the Scarborough, Maine Field Office. I have been employed as a sworn Municipal and Federal Law Enforcement Officer for approximately eighteen years, the last eight of which have been as a Special Agent with the U.S. Secret Service and as a Special Agent with HHS/OIG, during which time I have participated in several investigations involving fraud, embezzlement, and identity theft. I am a case agent responsible for a health care fraud and

embezzlement investigation of Sandra Wallace being conducted by the United States Department of Health and Human Services, Office of Inspector General, the Rockland, Maine Police Department, and other federal and state agencies.

II. <u>Facts Supporting Probable Cause</u>

1. Doctor A operates a medical practice in Rockland, Maine. This practice is a "health care benefit program" as defined in Title 18, United States Code, Section 24(b).
2. On about December 21, 2009, Doctor A came to the Rockland Police Department to report that his office manager, Sandra Wallace, had been stealing from him. Doctor A stated that Wallace wrote numerous checks to herself from his business checking account and forged his signature on the checks. Doctor A further stated that he compared entries in his business records to copies of checks received in his monthly bank statements and notes that Wallace had entered the name of a vendor in the business records but that the associated check was actually made payable to Wallace herself. Doctor A estimated that Wallace had written over $55,000 in checks to herself between 2007 and 2009.
3. During this investigation, I received copies of Doctor A's checking account ledger (maintained by Wallace), Doctor A's business bank records from Camden National Bank and Wallace's personal bank records from TD Banknorth. Although there are numerous transactions in these records, for purposes of this complaint, I only consider three specific transactions.

a. <u>October 22, 2008</u>

According to Doctor A's checking account ledger, check number 5527 was issued on October 22 to "GAC" in the amount of $2600. Doctor A's business checking account records show a debit from check 5527 in the amount of $2600.00 on October 23, 2008.

Wallace's personal bank records show a deposit in the amount of $2600.00 on October 22, 2008. The check image maintained by TD Banknorth that is associated with this deposit shows check number 5527 drawn on Doctor A's Camden National Bank account. The payee of check 5527 is listed as Sandra Wallace.

b. <u>October 30, 2008</u>

According to Doctor A's checking account ledger, check number 5534 was issued on October 31 to "RMR" in the amount of $400. Doctor A's business checking account records show a debit from check 5534 in the amount of $400.00 on October 31, 2008. Wallace's personal bank records show a deposit in the amount of $400.00 on October 30, 2008. The check image maintained by TD Banknorth that is associated with this deposit shows check number 5534 drawn on Doctor A's Camden National Bank account. The payee of check 5534 is listed as Sandra Wallace.

c. <u>November 20, 2008</u>

According to Doctor A's checking account ledger, check number 5557 was issued on November 20 to "Yankee Dental Congress" in the amount of $650. Doctor A's business checking account records show a debit from check 5557 in the amount of $650.00 on November 21, 2008. Wallace's personal bank records show a deposit in the amount of $650.00 (with $610.00 deposited and $40.00 returned as cash) on November 20, 2008. The check image maintained by TD Banknorth that is associated with this deposit shows check number 5557 drawn on Doctor A's Camden National Bank account. The payee of check 5557 is listed as Sandra Wallace.

4. On about March 22, 2010, Wallace was interviewed by a detective with the Rockland Police Department. During this interview, Wallace admitted to signing Doctor A's name to checks that she deposited into her own account without Doctor A's permission or knowledge.

III. Conclusion

5. Based on the facts set forth above, I respectfully request that the Court issue a criminal complaint charging Sandra Wallace with three counts of embezzlement from a health care benefit program, in violation of Title 18, United States Code, Section 669.

Brian Pellerin
Special Agent
HHS-OIG

Sworn to before me and subscribed in my presence this 23rd day of September, 2010.

John H. Rich III
United States Magistrate Judge